GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415)378-2625
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE, an individual,<br><br>Defendant. | CASE NO.: CV 08 1805 MMC<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.  This is an action by IO GROUP, INC. a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Io Group's copyrights in its creative works by Defendant JOHN DOE, whose true name has not yet been determined, and to enjoin defendant from future infringement. Defendant reproduced, distributed and publicly displayed, through the Internet certain Titan Media-owned photographs and audiovisual works.

## THE PARTIES

2. Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103. Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc. Plaintiff operates and maintains a website by and through which its photographic and audiovisual works can be viewed by individuals who pay a monthly subscription fee.

3. The true name of defendant sued herein as JOHN DOE is unknown to plaintiff, which sues said defendant by such fictitious name. DOE, using the pseudonym Angelo, operated a website through which he engaged in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

## JURISDICTION

4. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant. Defendant solicits, transacts, and is doing business within the State of California and has committed unlawful and tortuous acts both within and outside the State of California causing injury in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendant.

## INTRADISTRICT ASSIGNMENT

6. Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

## **VENUE**

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## **BACKGROUND**

8. Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet. As Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy, hoping that the complexity of their systems will help them avoid detection, identification and prosecution. Defendant's activities complained of herein exemplify one of the latest incarnations of on-line digital piracy.

9. Goggle, Inc. owns and operates a web-based platform at blogger.com. Using the blogger.com platform, users can create their own on-line diary referred to as a blog. A blog is a type of ongoing website where the blog creator can add photographs, links, videos and text to his site on an ongoing basis. Defendant DOE operated a video blog at http://angelosplayroom.blogspot.com.

## **FACTS COMMON TO ALL CLAIMS**

10. Plaintiff has won numerous awards for its high quality work, beginning with an award for Best Gay Video in its first year in existence (1995). Since then plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography and Best Editing. Plaintiff is recognized throughout the industry as one of the highest quality producers of gay erotica.

11. Each of the audiovisual works at issue in this action is of obvious high production value and is easily discernable as a professional work. The works were produced using

professional performers, directors, cinematographers, lighting technicians, set designers and editors.  Each work was created with professional grade camera, lighting and editing equipment.

12. Each of the audiovisual works at issue in this action is either registered to plaintiff with the United States Copyright Office or has an application for registration pending.

13. Each of plaintiff's works is marked with plaintiff's trademark (either TitanMedia, TitanMen, ManPlay or MSR Video), a copyright notice, a warning that unauthorized copying is illegal and will be prosecuted, and a statement as required by 18 U.S.C. §2257 that age verification records for all individuals appearing in the works are maintained at corporate offices in San Francisco, California.

14. Defendant knew or should have known that plaintiff's principle place of business is in San Francisco, California and that infringement of its works was likely to cause harm in California.

15. At various times, during regular inspections of Internet websites, plaintiff's employees discovered and documented a number of Io Group, Inc. copyrighted works being publicly displayed and or distributed by and through http://angelosplayroom.blogspot.com which is operated by Defendant DOE.

16. Plaintiff subsequently sent notice to Google, Inc., the provider of hosting and other services for this website, requesting that the infringing files be blocked or removed.  Plaintiff also contacted Defendant DOE via e-mail demanding that the infringement cease and notifying DOE that it would seek compensation for his past infringing activity.

17. Defendant, without authorization, copied, distributed and/or publicly displayed at least sixteen (16) audiovisual works and a number of photographs owned by and registered to plaintiff.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT – 17 U.S.C. §501

<u>Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works</u>

18. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 19, inclusive.

19. At all times relevant hereto, plaintiff has been the producer and owner of the photographic and audiovisual works reproduced, distributed and publicly displayed by defendant through various http://angelosplayroom.blogspot.com.

20. For each of the works at issue in this matter, plaintiff either holds a copyright registration certificate from the United States Copyright Office or has applied for a registration certificate.

<u>Defendants Willfully Infringed Plaintiff's Registered Copyrights</u>

21. Without authorization, Defendant DOE reproduced, distributed and publicly displayed by and through http://angelosplayroom.blogspot.com plaintiff's works.

22. Plaintiff did not authorize defendant's copying, display or distribution of any of these works.

<u>Defendants Willfully Infringed Plaintiff's Registered Copyrights</u>

23. Defendant DOE infringed the copyrights in plaintiff's creative works by reproducing, distributing and/or publicly displaying the works by and through http://angelosplayroom.blogspot.com without proper approval or authorization of plaintiff.

24. Each of the works was identified with Plaintiff's mark and thus DOE knew or should have known the infringed works belonged to plaintiff. DOE knew he did not have permission to exploit plaintiff's works.

25. Defendant knew or should have known the works were professional works and likely subject to copyright.

26. Defendant knew he did not have permission to engage in any of the acts held exclusively by copyright holders.

27. Defendant knew or should have known his acts constituted copyright infringement.

28. Defendant's conduct was willful within the meaning of the Copyright Act.

29. As a result of his wrongful conduct, defendant is liable to plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

30. Plaintiff is entitled to recover damages, which include its losses and any and all profits defendant has made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

31. In addition, because defendant's infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

32. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

### JURY DEMAND

33. Plaintiff hereby demands a jury trial in this case.

### PRAYER

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1) That the Court enter a judgment against defendant that he has:

    a. willfully infringed plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and

      b.  otherwise injured the plaintiff's business and business reputation by defendant's acts and conduct as set forth in this Complaint.

(2) That the Court issue injunctive relief against defendant, and that defendant, his agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with him, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to plaintiff;

(3) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of plaintiff's audiovisual works, photographs or other materials, which are in defendant's possession or under his control;

(4) That the Court order defendant to pay plaintiff's general, special, actual and statutory damages as follows: plaintiff's damages and defendant's profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for defendant's willful infringement of plaintiff's copyrights; and

(5) That the Court order defendant to pay plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

(6) That the Court grant to plaintiff such other and additional relief as is just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

Dated: 4.2.2008

Respectfully submitted,

*[signature]*

GILL SPERLEIN
Attorney for Plaintiff, IO GROUP, INC.

## CERTIFICATION OF INTERESTED PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Bruce Lahey – majority shareholder of Io Group, Inc.

Brian Ashby – minority shareholder of Io Group, Inc.

Dated: 4.2.2008

Respectfully submitted,

GILL SPERLEIN
Attorney for Defendant IO GROUP, INC.