ORIGINAL FILED 08 APR -3 PM 2:46 RICHARD W. WIEKING CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 378-2625
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

E-filing

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,

Plaintiff,

vs.

JOHN DOE, an individual,

Defendant.

**CASE NO.:** CV 08 1805 MMC

**PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO LOCAL RULE 7-11 FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE**

Pursuant to Local Rule 7-11, plaintiff seeks leave to take limited discovery prior to the scheduled Rule 26 conference for the reasons set forth herein, and in the concurrently filed Declaration of Keith Webb in support of this motion. Stipulation for this motion could not be achieved because the true name of Defendant JOHN DOE is yet unknown to plaintiff. Indeed, the reason for which plaintiff seeks leave to take early discovery is so that it may determine Defendant DOE's identity.

**INTRODUCTION AND FACTUAL BACKGROUND**

Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103. Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc. Plaintiff operates and maintains a website by and through which its photographic and audiovisual works can be viewed by individuals who pay a monthly subscription fee. Complaint at ¶2.

Defendant DOE is an individual whose true name and address is unknown to plaintiff. *Id.* at ¶3. Defendant operated a website/blog at http://angelosplayroom.blogspot.com, by and through which DOE distributed unauthorized and infringing copies of plaintiff audiovisual works. *Id. passim*.

In order to identify DOE, plaintiff must first subpoena Google, Inc. (which owns blogger.com) to identify the internet protocol (IP) address from which DOE engaged in the infringing activity. Once plaintiff determines the IP address from which the infringing activity originates, the true identity of the infringer may be obtained by way of further investigation. Specifically, plaintiff must then subpoena the Internet access provider which controls the identified ip address or addresses in order to determine the identity of the subscriber to whom the Internet access provider assigned the ip addresses. Generally, service providers maintain records as to which of its subscribers were assigned an ip address at any give date and time. Webb Decl. at ¶2.

In plaintiff's experience, Internet access providers only maintain subscriber activity logs for a short period of time before destroying the information contained in the logs. *Id.* Accordingly,

plaintiff requests leave from the Court to serve Rule 45, third-party, subpoenas on ISPs prior to the Rule 26 Case Management Conference in this matter.

Federal law provides for the relief plaintiff seeks.

## ARGUMENT

### Federal Rules Allow for Early Discovery

Federal Rules allow for discovery prior to a Rule 26 conference when good cause is shown. *See Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortuous activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Accordingly, courts have developed the following factors to consider when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Id*. at 578-80. Each of these factors resolves in favor of granting plaintiff's requested relief.

First, plaintiff has sufficiently identified an individual who is a real person who can be sued in Federal Court. Plaintiff identified the individual who created a specific website/blog on the blogger.com platform. Complaint at ¶9. Plaintiff observed and documented infringement of its registered works by the individual operating http://angelosplayroom.blogspot.com. Webb Decl. at ¶ 3. The requested discovery will allow plaintiff to determine the true name and address of the individual who performed the infringing acts. *Id*. at ¶¶9-12.

Second, there are no other practical measures plaintiff could take to identify Defendant DOE. Plaintiff is aware of no available information that would identify the infringer, other than information that may be maintained by Google, Inc. (ip addresses recorded during infringing activity and information provided during user registration) and the individual Internet access provider (the name and address of account holder assigned the ip addresses identified by Google, Inc.). Due to the nature of on-line transactions, plaintiff has no way of determining defendant's true identity except through third-party subpoenas. *Id*. at ¶4.

Third, plaintiff has asserted a *prima facia* claim for copyright infringement in its Complaint that can withstand a motion to dismiss. Specifically, plaintiff has alleged that a) it owns and has registered the copyrights in the works at issue and b) Defendant DOE copied, distributed and/or publicly displayed those copyrighted works without plaintiff's authorization. Complaint at ¶¶18-22. These allegations state a claim for copyright infringement. 17 U.S.C. § 106(1)(3) and can withstand a motion to dismiss.

When outlining the above factors, the court in *Columbia* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors from Internet service provider (ISP) to ISP, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia*, 185 F.R.D. at 579. An analysis of the factors clearly demonstrates plaintiff's legitimate interest in identifying the name and address of the individuals who infringed upon its copyrighted works.

**Explanation of Specific Requests**

In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how

such requests "will lead to identifying information about defendant that would make service of process possible. *See Columbia* 185 F.R.D. at 580; *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir.1980). Plaintiff provides the following information concerning the specific requests for early discovery.

The infringement at issue in the matter is an example of the latest scheme infringers have developed for distributing infringing works with each other via the Internet. The infringing activity occurs on a specific type of website commonly referred to as a blog. An important feature of the blogger.com platform is that the blog creator can operate a website/blog without supplying identifying information and without registering a separate domain name. Webb Decl. at ¶6. Blogs are increasingly used for the purpose of distributing pirated intellectual property including photographs and movies. *Id*. at ¶6.

Google/blogger.com is a commercial enterprise that provides free hosting and other support for individuals who wish to create and operate an Internet blog. Under this arrangement, the domain name of the blog consists of Blogger.com's base domain and a subdomain determined by the individual operating the social network. Thus the name of the blog operated by Defendant DOE in this matter is http://angelosplayroom.blogspot.com. *Id*. at ¶7.

Blog creators often create sites around any number of themes, issues or discussions. In this matter, Defendant DOE created the blog specifically as a location to copy, distribute and display sexually explicit audiovisual files without regard to copyright. *Id*. at ¶8.

It is often difficult to identify individuals operating on the Internet because they frequently provide bogus information when registering to operate a particular blog. This is particularly true when the individual is creating the blog site in order to engage in illegal activity such as copyright infringement. On the other hand, when an Internet user subscribes with an Internet service/access

provider in order to obtain Internet access, the user by necessity *does* provide accurate information so that the provider can connect service and collect payment. *Id*. at ¶9.

When an Internet access provider supplies a connection to the Internet, the connection is identified by a series of numbers called an Internet protocol ("ip") address. An ip address can be analogized to a telephone number. Just as a telephone company provides a telephone number to its customers so does an Internet access provider assign an ip address to each of its subscribers. Just as Caller ID allows someone to identify the telephone number from which a telephone call originates, so can a website determine the ip address and thus the account from which Internet activity originates. *Id*. at ¶10.

When a user creates and later accesses a blog site such as the one Defendant DOE created, the blog host site generally records the ip address being used to access the site and stores that information on the its server logs. Each time Defendant Doe accessed his blog in order to publish and distribute plaintiff's works blogger.com most likely recorded his ip address. Plaintiff must subpoena Google/blogger.com to obtain the ip address of the infringer. Plaintiff then must subpoena the service provider who controls the ip address in order to obtain the subscriber information for the individual holding the account from which the infringing activity occurred. *Id*. at ¶11.

Anyone can perform a simple search on public databases to determine which Internet access provider controls a specific ip address. For example, XYZ access provider may control all ip addresses between 12.345.678.001 and 12.345.678.900. If a user engages in infringing activity using the ip address 12.345.678.050, then XYZ provides Internet access for that user. *Id*. at ¶12.

Plaintiff requests that the Court issue an order allowing plaintiff to serve subpoenas on Google/blogger.com, as well as, on any Internet access provider controlling ip addresses identified by Google/blogger.com.

Often larger Internet access providers that control blocks of ip addresses will assign smaller blocks of ip addresses to smaller (downstream) access providers, who in turn assign the ip addresses to individual subscribers. In such cases, the large access providers will only be able to identify the downstream access provider and an additional subpoena will be necessary to identify the individual subscribers. *Id.* at ¶13. Furthermore, since access providers only retain information for a limited time (*Id.* at ¶2) it is imperative that plaintiff be able to serve subpoenas as soon as possible. Therefore, plaintiff seeks a broad enough order to immediately serve follow up subpoenas where necessary.

Since 47 U.S.C. §551 (The Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber *or* a court order, and since some Internet service providers are also cable operators, plaintiff requests that the Court order clearly state that the Court has contemplated the Cable Privacy Act and that the order specifically complies with the acts requirements. See 47 U.S.C. §551.

**CONCLUSION**

For the forgoing reasons, plaintiff respectfully asks that the Court grant plaintiff's request and enter an order substantially in the form of the attached Proposed Order.

Dated: 4/2/2008

Respectfully submitted,

GILL SPERLEIN
Attorney for Plaintiff IO GROUP, INC.